UNITED STATES of America,
Appellee,

v.

**Kindu GAYNOR, Defendant–Appellant.**

No. 06–2914–cr.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2008.

Michael Farbiarz, Assistant United States Attorney (Karl Metzner, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

On June 12, 2006, following a bench trial on stipulated facts in the Southern District of New York (Wood, *J.*), Defendant–Appellant Kindu Gaynor was found guilty of one count of possessing a firearm after having been convicted of a felony, *see* 18 U.S.C. § 922(g), one count of possessing

cocaine base with intent to distribute, *see* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and one count of possessing a firearm during and in relation to a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). Gaynor now appeals from that judgment. Specifically, he contests the District Court's denial of his motion to suppress incriminating evidence recovered from him at the time of his arrest. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review the district court's factual findings related to a defendant's motion to suppress for clear error, and when the motion has been denied, we construe all facts in the government's favor. *United States v. Singh*, 415 F.3d 288, 293 (2d Cir.2005). We review determinations of reasonable suspicion and probable cause *de novo*, since we consider these mixed questions of law and fact. *See id.*

Viewing the record in light of the District Court's findings of fact, which were not clearly erroneous, we see no error in the District Court's decision to deny Gaynor's suppression motion.

As to Gaynor's argument that he was seized before the officers frisked him, assuming *arguendo* that this argument has not been waived, it is meritless. The witnesses agree that the livery cab had already come to a complete stop of its own accord when the plain-clothes officers approached, so this situation did not involve submission to the "abundant displays of authority" that accompany a typical vehicle stop. *United States v. Adegbite*, 846 F.2d 834, 838 (2d Cir.1988). And as to subsequent events, our "objective assessment of the overall coercive effect of the police conduct" based on the District Court's findings of fact, *United States v. Lee*, 916 F.2d 814, 819 (2d Cir.1990), leads us to conclude that a reasonable person would

have felt free to terminate the encounter up until the frisk occurred, *see United States v. Drayton*, 536 U.S. 194, 202, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002). We note in particular that although Officer Cilento approached Gaynor as he stepped out of the cab, Officer Cilento did not block Gaynor's exit, nor did he draw his gun. *See id.* at 200, 122 S.Ct. 2105 ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street...."). There is also no evidence that Gaynor saw the strobe lights of the officers' unmarked car flashing. There was thus, at that point, no evidence of the kind of assertion of authority to which Gaynor could have been expected to submit. *Adegbite*, 846 F.2d at 837 (" 'Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.' ") (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)); *see also California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

As to Gaynor's final argument, that the seizure—when it did occur, *i.e.* when Gaynor was frisked—was not supported by reasonable suspicion, we affirm the District Court's finding for substantially the reasons stated below. When Officer Cilento approached Gaynor, Gaynor became fidgety and nervous, and made several suspicious statements; and he reached into his jacket in a way that suggested that he might have been looking for a weapon. These facts support a finding of reasonable suspicion. *See Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

We have considered all of Gaynor's arguments, and we find them without merit.

Accordingly, the judgment of the District Court is AFFIRMED.